## PATRICK HIGGINS *vs.* PAUL BOGAN.

Judgment will not be arrested *after verdict,* for any defect in pleading, which would not have been fatal on *general* demurrer; nor then, if the court can presume the defect to have been supplied by proof before the jury.

An instrument must be declared on according to its legal effect, whatever its form.

A promissory note with a seal to it is a bill obligatory, and should be declared on as such.

Proof by the subscribing witness that he saw the party deliver an instrument already signed and sealed by him, is sufficient.

This was an action on a note under seal, dated November 15, 1843, by which defendant promised to pay plaintiff $100, five months after date, without defalcation, for value received. Pleas, non est factum and payment; replications and issues.

The attesting witness was called to prove the note; and testified that he did not see Paul Bogan write his name. He handed the paper to Higgins and Higgins to witness, and asked him in the presence of Bogan to sign it as a witness. He saw Bogan writing, but did not know that he was writing on this paper.

The evidence of the note was objected to by *Mr. Rogers;* 1. Because its execution was not proved; 2. For variance from the declaration.

The declaration counted; for that whereas the said Paul Bogan, heretofore, to wit, on the 15th day of Nov. A. D. 1843, in the said county of New Castle, by his certain promissory note in writing, sealed with his seal, promised to pay to the said Patrick Higgins, or order, the said sum of one hundred dollars above demanded, to be paid to the said Patrick Higgins, five months after the date of the said note, which period has now elapsed : yet the said Paul Bogan (although often requested so to do) hath not yet paid the said sum of $100, above demanded, or any part thereof, to the said Patrick Higgins, but hath hitherto wholly neglected and refused, and still neglects and refuses so to do. Wherefore, the said Patrick Higgins saith he is injured and hath sustained damage to the amount of twenty dollars; and therefore, he brings his suit, &c.; and the said Patrick Higgins brings here into court the said promissory note in writing, sealed as aforesaid, which gives sufficient evidence to the said court here, of the debt aforesaid, in form aforesaid; the date whereof is the day and year in that behalf above mentioned.

*Court.*—This paper is drawn up as a promissory note, but being sealed it is a bill obligatory, and should have been declared on as such, as the pleader is bound to state any paper in pleading according to its legal effect. The pleader here has undertaken to follow the terms of the paper, which unite the promissory note with a single bill, by declaring both in debt and case. We will look at the recent precedents; and for that purpose you may go on to the jury, and we will take the verdict subject, if for plaintiff. The plaintiff to have a nonsuit if we hereafter set aside his verdict.

A deed or other instrument, under seal, to which there is a subscribing witness, must be proved by such witness, if he can be produced or is capable of being examined. It is not absolutely necessary that the witness should see the party sign or seal the instrument. If he sees the party deliver the instrument already signed and sealed as his deed, it is sufficient.

The material ingredient in the execution of sealed instruments, is

the delivery; but no particular form or ceremony is necessary. If the party who signs and seals the instrument, testifies in any manner, by word or action, his intention to deliver it or put it in the possession of the other party, it is sufficient.

Note admitted; and plaintiff closed.

The jury rendered as their verdict, "that they find for the plaintiff; and that there is $109 67, due, &c., with six cents costs, besides the costs expended; subject, &c."

At a subsequent day the court, considering that the variance between the note offered and the declaration did not vitiate the verdict, ordered it to stand absolute. Whereupon a motion was made in arrest of judgment; 1st. For a material variance between the declaration and the verdict; 2d. Because a verdict and judgment in debt cannot follow a declaration sounding in damages, and which is not for a sum certain; 3d. Because the verdict was inconsistent with the plaintiff's complaint as stated in his narr.

After argument, motion in arrest of judgment refused, and judgment for plaitiff on the verdict. (See *Gould's Plead.* 496, §§ 11, 12.)

It is an invariable rule, that no defect in the pleadings which would not have been fatal to them on general demurrer, can ever be a sufficient cause for arresting judgment; nor is it by any means true, that every defect in the pleadings which would have been fatal on general demurrer, is sufficient ground for arresting judgment after a general verdict.

*Wales*, for plaintiff.
*Rogers*, for defendant.